TOPLITZ et al. v. TOPLITZ et al.

(Supreme Court, Appellate Division, First Department.   October 19, 1900.)

PARTITION—PLEADING—DEMURRER TO PORTION OF SINGLE CAUSE OF ACTION.
    Where a complaint to set aside a sale of land as in fraud of plaintiff's
    rights and for partition describes several separate parcels, a demurrer
    for insufficiency, except as to certain parcels of such realty, is properly
    overruled, as a demurrer to a portion only of a single cause of action is
    bad.

Appeal from special term, New York county.

Action by Solomon B. Toplitz and others against Harry L. Toplitz,
individually and as administrator with will annexed of Lippman Top-
litz, deceased, and others, to set aside a certain sale of realty and for
partition. From an interlocutory judgment overruling a demurrer to
the complaint, defendants appeal. Affirmed.

Complainants averred that Lippman Toplitz died in 1897 intestate, and
seised of considerable real property, which was described in 13 separate par-
cels, being the premises sought to be partitioned. After setting forth the
usual formal allegations as to the rights and interests of the parties, the
complaint alleges that, for a long time prior to the death of Lippman Toplitz,
the defendant Harry L. Toplitz, who is an attorney and counselor at law, had
the management of the improved property, and that ever since said defend-
ant had the management and charge of all of the real estate of said de-
cedent, as attorney and agent for the various heirs to said estate. In addition,
Harry L. Toplitz had, since the death of said Lippman Toplitz, sole manage-
ment of all the affairs of the personal estate which he left, as administrator.
That in January, 1900, the heirs at law of the said Lippman Toplitz entered
into a written agreement, by the terms of which the said Harry L. Toplitz

was delegated on their behalf to sell, with the assistance of an auctioneer, all the real property comprising the estate of said Lippman Toplitz, deceased, at a time to be fixed by said Harry L. Toplitz in the exercise of his sound discretion, who was also directed by said agreement to advertise said sale in a thorough and efficient manner, and to do all things necessary in the proper conduct of said sale, for the best interests of all the parties thereto. The plaintiffs further allege that the said Harry L. Toplitz, through his stewardship of the said estate, had acquired a full knowledge and acquaintance with all the facts connected with said property, its rentals and values, and that as attorney, agent, administrator, and interested as tenant in common in the successful management of said estate, the plaintiffs reposed explicit trust and confidence in him, and in the proper and faithful performance of his trust and of his duties under said agreement, which he undertook to carry out. The complaint then sets out in detail the alleged studied efforts on the part of the said Harry L. Toplitz to acquire the property of the estate for himself and three of the defendants by a sacrifice of the plaintiffs' rights. It sets forth the alleged acts of the said Harry L. Toplitz in misrepresenting to his clients facts as to the property to be sold, of which he had sole cognizance. It narrates his efforts to prevent other bidders from attending the sale and bidding on the property. It alleges that he deceived the plaintiffs into believing that the property was being sold without reserve to outside bidders, while he, through the medium of dummies, was buying in the property at prices far below its real value, and his unfaithful and unfair conduct of said sale; and, finally, it is alleged that all the property, with the exception of three parcels, was struck down, to persons representing the said Harry L. Toplitz, for a sum between $75,000 and $100,000 less than the property was actually worth. The complaint then prays that the said sale to the defendant Harry L. Toplitz and to the defendants he represented be set aside, the agreement annulled, and then follows the usual prayer for a partition and sale of the property. To the complaint the defendant Harry L. Toplitz, and the three defendants connected with him in the acts above described, interposed a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, excepting that part of the complaint describing three parcels of such realty. The court below (ANDREWS, J.) overruled the demurrer as follows: "The complaint sets forth a single cause of action only. The demurrer is to a portion of said cause of action only, and is therefore bad. Demurrer overruled, with leave to answer on payment of costs."

Argued before VAN BRUNT, P. J., and PATTERSON, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Phineas Lewinson, for appellants.
Henry Brill, for respondents.

PER CURIAM. The judgment is affirmed for the reasons given in the opinion of the learned justice at special term, but without passing upon the sufficiency of the complaint.

The judgment should be affirmed, with costs, with leave to the defendants to withdraw the demurrer and answer in 20 days on payment of the costs of the demurrer and of this appeal.